R. F. RAMEY ET AL. v. C. E. ESKRIDGE ET AL.

Decided October 31, 1903.

**Wife's Separate Property—Vendor's Lien Notes—Hypothecation by Husband.**

Land, the community property of G. and wife, was exchanged for other land, the title to which was taken in the wife's name, 'but without any recital in the deed that it was intended as her separate property. G. and wife then sold the land so received, taking vendor's lien notes therefor payable to the wife or bearer, and G. deposited the notes as collateral security with plaintiffs, who were sureties for a debt of his, and plaintiff, having been compelled to pay the debt, brought suit on the notes and for foreclosure, making G. and wife parties. Held, that plaintiffs were entitled to a recovery and foreclosure as against the claim of the wife that the land was her separate property as a gift from the husband, and the notes therefore her separate property, and that they were so hypothecated after maturity without her knowledge or consent.

Appeal from the District Court of Wood. Tried below before Hon. T. B. Butler.

*Sutherland & Jones* and *F. J. McCord,* for appellants.

*V. B. Harris* and *M. D. Carlock,* for appellees.

RAINEY, CHIEF JUSTICE.—Appellees sued Ramey to recover on certain vendor's lien notes executed by said Ramey to Mattie C. Goodwin or bearer, and to foreclose a vendor's lien on the land for which said notes were given. Mattie C. Goodwin and husband, T. J. Goodwin, were also made parties defendant, plaintiffs alleging that they were setting up some claim to the land.

Plaintiffs alleged that the notes sued on had been pledged to secure them as sureties for T. J. Goodwin on certain indebtedness due by him to the First National Bank of Winnsboro, Texas, which they had been compelled to pay.

Ramey answered by general denial. T. J. Goodwin answered by general denial and specially impleaded the bank, claiming payment to the bank of his indebtedness to it, and prayed that, in the event plaintiffs recovered, he have judgment over against the bank.

Mattie C. Goodwin answered by general denial, and, specially, that the land on which the lien is sought to be foreclosed was, at the time she and her husband sold to Ramey, her separate property by gift from her said husband; that said notes were hypothecated without her knowledge or consent after maturity; that plaintiffs were charged with notice of her ownership thereof, and prayed for judgment establishing her right to said notes, etc.

On trial before the court without a jury, judgment was rendered for plaintiffs, for which this appeal is prosecuted.

The land in controversy was sold to Ramey by Goodwin and wife, they executing their bond for title thereto, and for which Ramey executed his five promissory notes, payable to Mattie C. Goodwin or bearer, four

of which are here sued on. This land was deeded to Mattie C. Goodwin by Ivey and wife in consideration of a tract of land, the community property of T. J. Goodwin and Mattie C. Goodwin. In the deed from Ivey and wife to Mattie C. Goodwin there was no recitation of any kind that it was intended to be her separate property.

The four notes sued on were, before due, deposited with the bank by the authority of T. J. Goodwin, as collateral to secure an indebtedness due said bank by said Goodwin. Afterwards the bank required personal security. Plaintiffs became such surety, and it was understood and agreed that said notes, with other collaterals, should remain as collateral, and should inure to plaintiffs' benefit, if they had the indebtedness to pay. Appellees had no notice of Mattie C. Goodwin's claim that the land was her separate property. They paid the indebtedness, and the bank no longer holds same against Goodwin. Diligence was used to collect all the collaterals, and such as were collected have been duly accounted for.

It is contended that the land for which the notes were given was the separate property of Mattie Goodwin, which made the notes also her separate property, and being such, her husband had no right to hypothecate them, and his doing so conferred no rights on appellees. In the case of Lime v. Willis, 1 Posey U. C., 158, under a similar state of facts and like contentions the court held adversely to the contentions of appellant, and said case is decisive of the points here raised.

The evidence warranted the trial court in holding that the land in controversy was community property, and that appellees were protected in their dealing with the husband as to the note, and entitled to recover thereon. The court also rendered a proper judgment to the effect that proper diligence was used by appellees in their effort to collect the other collaterals.

Finding no error in the judgment, it is affirmed.

*Affirmed.*